### No. 9442.

THE STATE EX REL. POYDRAS PLANTING AND MANUFACTURING COMPANY VS. THE JUDGES OF THE COURT OF APPEALS FOR THE FIFTH CIRCUIT.

Where an injunction suit is submitted on a rule to dissolve and on the merits and a judgment is rendered dissolving the injunction with damages, which judgment is responsive to the issues on both the rule and the merits, and where, on appeal to the circuit court, the latter affirms the judgment, this Court, on application for *certiorari* and *mandamus*, will not look into the reasons assigned by the district judge and the appellate judges respectively and interfere on the ground that the former based his judgment on the merits, while the latter based their affirmance on the grounds of the rule to dissolve. The proceedings being regular and the jurisdiction undisputed, we are not concerned with the sufficiency or correctness of the reasons of the judgment.

APPLICATION for Certiorari and Mandamus.

*W. B. Sommerville* for the Relator.

*R. T. Beauregard* for the Respondents.

The opinion of the Court was delivered by

FENNER, J. The relator was plaintiff in an injunction suit in the district court. A rule had been taken to dissolve the injunction on the ground of insufficiency of the surety on the bond. Answer having been filed, the rule was cumulated with the merits of the case, and the two were tried and submitted together. The district judge rendered a judgment dissolving the injunction with damages, which judgment was entirely responsive to the issue, either on the rule or on the merits or to both.

In his *reasons* for judgment, however, the judge, after expressly holding that the rule was well taken and afforded sufficient reasons for the dissolution, said that, as the case had also been submitted on the merits and as, under the dissolution on rule alone, the plaintiff might claim the right to rectify his bond, he would consider the merits also,

proceeding to give reasons why, in any event, the injunction should be dissolved. Appeal was taken to the circuit court of appeals, where, after hearing, the judgment was affirmed. But in their reasons for judgment the judges of that court considered the insufficiency of the bond a sufficient reason for affirming the judgment and did affirm it on that ground.

Relator asks for a *certiorari* and for annulment thereunder of the decree rendered, on the ground that, in effect, it makes absolute the rule to dissolve, on which no judgment had been rendered in the lower court; and for a mandamus compelling the judges to proceed to hear and determine the appeal from the judgment on the merits.

We can discover no foundation for the exercise of our supervisory jurisdiction in this case.

It is not for us to determine as to the sufficiency and correctness of reasons for judgment assigned by either the district judge or the judges of the court of appeals.

Our function is at an end when we discover that the issues on the rule to dissolve and the merits were together submitted to the district court; that a judgment was rendered responsive to either or both of these issues; that an appeal was taken to a competent court; that, on proceedings entirely regular, the latter court rendered its decree affirming the judgment. If there was error, which we do not even suggest, we have no appellate jurisdiction over the case, and are without power to correct it.

The writs of certiorari and mandamus prayed for are, therefore, discharged.